**Jetnor SMAKAJ, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Eric H. Holder Jr., United States Attorney General,\* Respondents.**

**No. 08–3611–ag.**

United States Court of Appeals, Second Circuit.

April 15, 2009.

Caridad Pastor Cardinale, Pastor & Associates, P.C., Troy, MI, for Petitioner.

Michael F. Hertz, Deputy Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, Office of Immigration Litigation, Jessica Segall, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jetnor Smakaj, a native and citizen of Albania, seeks review of a June 26, 2008 order of the BIA affirming the August 21, 2006 decision of Immigration Judge ("IJ") Patricia Rohan denying his

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Smakaj,* No. A 99 523 660 (B.I.A. June 26, 2008), *aff'g* No. A 99 523 660 (Immig. Ct. N.Y. City Aug. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination. *See Corovic,* 519 F.3d at 95. Smakaj does not argue, as he did before the BIA, that the inconsistencies and omissions the IJ identified either do not exist in the record or were reasonably explained. Accordingly, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir.2005). Smakaj argues instead that the discrepancies upon which the IJ relied in finding him not credible are too minor to impact his credi-

bility. That argument fails because under the REAL ID Act, which applies to Smakaj's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167 (emphasis in original) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (B.I.A.2007). Additionally, contrary to Smakaj's contention, the IJ reasonably found that his failure to provide corroborating evidence directly from a Democratic Party official undermined his credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Smakaj does not contest the IJ's finding that this evidence was reasonably available to him. *See Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir.2006) (finding that an IJ may not base an adverse credibility finding on the absence of corroborating evidence that was not reasonably available to the applicant).

Because Smakaj identifies no evidence compelling the conclusion that he was credible, *Xiu Xia Lin,* 534 F.3d at 167, the IJ properly denied his application for asylum, withholding of removal, and CAT relief where the only evidence that Smakaj was likely to be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.